## The Inhabitants of the FIRST PARISH IN QUINCY *versus* LUTHER SPEAR.

A parish, on October 1, 1828, sold the pews in their meetinghouse on the following conditions. " The sum bid for choice, and one third of the appraised value, shall be paid in cash, one third part in one year, and the residue in two years, with interest. The first payment to be forfeited, if the other payments are not made agreeably to the above conditions." The defendant purchased a pew, made the first payment, entered into possession, and continued in possession until October 1831, but made no further payment. It was *held*, that under the contract the defendant acquired no title to the pew, but only a right to acquire a title upon a compliance with the terms of sale; that he had only a license to occupy, or a tenancy for a year, or a tenancy at will.

TRESPASS *quare clausum.*    In the Court of Common Pleas, the parties stated the following case.

On October 1, 1828, the plaintiffs sold by auction the pews in their meetinghouse, upon the following conditions of sale " The sum bid for choice and one third of the appraised value, or more at the option of the purchaser, shall be paid in cash, one third part in one year, and the residue in two years, with interest at six per cent. per annum.    The first payment to be forfeited, if the other payments are not made agreeably to the above conditions."

The defendant purchased the pew No. 134, which is the *locus in quo*, and paid down the sum bid for a choice and one third of the appraised value, in cash, amounting to the sum of $72.    In the receipt of the parish treasurer it was stated, that the defendant, his heirs or assigns, might receive a deed of the pew, on payment of the balance due, with interest from October 1, 1828, agreeably to the conditions of sale.

On December 17, 1830, the parish voted, " that all pews of which deeds are not taken previously to the first day of March next, shall be forfeited, and possession taken by the parish, agreeably to the conditions of sale ; and that the treasurer be authorized and directed to give deeds to all purchasers of pews, who have paid one or more instalments upon the same, and will pay the interest up to the time of taking the deed, and will give their notes, with a mortgage on the pew, for the balance, payable in one and two years, with interest

annually." On April 11, 1831, the parish voted to reconsider the vote passed on December 17, 1830, respecting the forfeiture of the pews, and chose a committee to take the subject into consideration. At a meeting of the parish, on May 11, 1831, the committee reported " that all the purchasers of pews, who have not completed their payments, agreeably to the conditions of the sale, and who wish to retain their pews, and will pay in, on or before the first day of July next, to the treasurer, the interest on the sums due, to the first day of April last, may be permitted to retain possession one year from said first day of April last, and until the further order of the parish, by paying the interest annually, on the sums due, at the rate of six per cent. per annum ;" and " that the treasurer be authorized to cause the legal and proper means to be taken, to give the parish full and complete possession of all the pews, the occupants of which have not completed their payments agreeably to the conditions of sale, and who do not, on or before the first day of July next, pay the interest on the sums due for the same, to the first day of April last." This report was accepted.

The defendant was informed by the treasurer, of the proceedings of the parish on May 11, 1831, and was requested to accede to the terms offered. The defendant nevertheless made no payment of principal or interest after the first payment, but remained in possession of the pew until October 3, 1831. On that day he received from the parish treasurer a notice, that the parish had taken possession of the pew, and that any further occupation of it by him would be considered a trespass.

On October 21, 1831, the parish treasurer removed the cushions from the pew, and fastened the door, stating before witnesses, that he took possession of the pew in behalf of the parish. The defendant continued to occupy the pew from October 3, 1831, to the commencement of this action, on April 9, 1832.

If, upon these facts, the Court should be of opinion, that the plaintiffs were entitled to recover, judgment was to be rendered against the defendant ; otherwise a nonsuit was to be entered.

First Parish in Quincy v. Spear.

Oct. 30th.

The Court of Common Pleas rendered judgment for the plaintiffs, and the defendant excepted thereto.

*Harrington* and *Cushing*, for the defendant. At the time of the commencement of this action, the plaintiffs had not possession of the pew. There was an open and subsisting contract partly performed, under which the defendant was in possession. Although by the conditions of sale, the defendant forfeited the first payment, yet there was no forfeiture of the pew or of the contract.

The defendant was a tenant at will or sufferance, and so entitled to three months' notice to quit, under *St.* 1825, *c.* 89, § 4 ; and therefore the entry of the treasurer on October 21, 1831, was a trespass. It did not therefore effect a change of possession.

The plaintiffs should have tendered to the defendant a deed of the pew.

*Mann* and *Gourgas*, for the plaintiffs, cited *Danforth* v. *Sargeant*, 14 Mass. R. 491 ; *Rising* v. *Stannard*, 17 Mass. R. 282 ; *Langdon* v. *Potter*, 3 Mass. R. 218 ; *Smith* v *Stewart*, 6 Johns. R. 46.

The opinion of the Court was afterwards drawn up by

SHAW C. J. By the terms of sale, the defendant acquired no title to the pew, but only a right to obtain a title by deed, on compliance with certain terms, which he never complied with. Under this contract he had a license only to occupy the pew, and the acts and votes of the parish afterwards, were a sufficient revocation of such license. But if it is to be understood from the terms of sale, that after the first payment the purchasers were to occupy for one year, at which time the second payment would become due, it was a lease for a year, on the expiration of which the defendant holding over without making further payment, the plaintiffs had a right to enter without notice and did enter, and the defendant's entry and occupation afterwards was a trespass.

But were he to be considered tenant at will, we think the result would be the same. The vote of the 11th of May was a sufficient notice to quit, if the defendant had notice of it, which it is stated in the report that he had. But if he was tenant at will, it was upon the terms of paying interest in

nature of rent. But he paid none, and therefore, by the statute relied on, *St.* 1825, *c.* 89, § 4, fourteen days' notice was sufficient.

The several votes of the parish, proposing to extend the time for giving deeds, upon certain terms specified, were offers only, and not being acceded to by the defendant, do not enlarge his rights, or limit those of the plaintiffs.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed.*